UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>RANDALL LINSCHEID,<br><br>Defendant. | Case No. 3:19-cr-00036-MMD-WGC<br><br>ORDER |

Defendant Randall Linscheid has been charged with receiving and possessing child pornography in violation of 18 U.S.C. § 2252(a)(2) and 18 U.S.C. § 2252(a)(4)(B). (ECF No. 1 at 1-2.) He seeks review of the magistrate judge's decision to impose two conditions of pretrial release—Internet and computer use ban and home detention—that he contends are imposed as a matter of course and are excessive.[1] (ECF No. 14 at 6-7.) The Court held a hearing on August 9, 2019 where the Court modified the Internet and computer use ban, and continued the hearing to August 26, 2019 to resolve the home detention condition. The Court agrees with Defendant and grants his motion in its entirety.

With respect to the Internet and computer use prohibition, the Court agreed with Defendant that such an outright ban is excessive given the ubiquitous use of computers and smartphones to access the Internet. However, the Court determined that because of the nature of the offense, Defendant's computer access still must be monitored to reasonably ensure the safety of the community. Accordingly, the Court modified the Internet and computer use ban to allow for software monitoring of approved devices. (ECF No. 23.)

///

///

---

[1] Defendant also requested that the Court remove the third-party custodianship condition (ECF No. 14 at 6), which the Court granted. (ECF No. 23.)

The home detention condition restricts Defendant to his residence:

> The defendant is restricted to his/her residence at all times except for employment; education; religious services; medical, substance abuse or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities pre-approved by Pretrial Services or the supervising officer.

(ECF No. 17 at 5.) Defendant contends that this condition is excessive and should be removed and replaced with a curfew condition. (ECF No. 14 at 6-7.) The Court agrees.

The Adam Walsh Child Protection and Safety Act of 2006 ("Adam Walsh Act") mandates release conditions for defendants charged with certain crimes, including 18 U.S.C. § 2252(a)(2), under which Defendant has been charged. *See* 18 U.S.C. § 3142(c)(1)(B). These pretrial release conditions are designed to "protect children from sexual attacks and other violent crimes." *United States v. Kennedy*, 593 F. Supp. 2d 1221, 1226 (W.D. Wash. 2008) (quoting Pub. L. No. 109–248, tit. II, 109 Stat. at 611). Home detention as defined in the bond in this case is not mandatory *per se*. *See id.* Rather, the Adam Walsh Act requires (as relevant here) electronic monitoring, a curfew, and "specified restrictions on personal associations, place of abode, or travel." 18 U.S.C. § 3142(c)(1)(B). Curfew with electronic monitoring as opposed to home detention would seem to satisfy this requirement. Release conditions under the Adam Walsh Act cannot exceed "the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community." *Id.* § 3142(c)(1)(B).

The government argued at the hearing that home detention was necessary because of the nature of Defendant's charged offense, the tacit implication being that Defendant might attempt illicit contact with a child because he was charged with receipt and possession of child pornography. The government conceded at the continuing hearing, however, that it had no evidence to show that possession offenses constitute a steppingstone to contact offenses. Defendant argued that he does not present such a risk because he was charged with a non-contact offense and has no criminal history. Defendant further argued that home detention was more restrictive than necessary

because individuals who have actually been convicted of the charged offense—as opposed to those who have been charged and who are still presumed innocent—are not subject to this condition once they are released.

The Court finds Defendant's argument persuasive. Defendant has not demonstrated a risk that he would actually attempt contact with a child. Rather, he has demonstrated a risk of continued receipt and possession of child pornography—a risk that is mitigated by other conditions the Court imposed, such as Internet and computer use monitoring. Defendant has no criminal history to suggest that he would attempt contact with a child, which weighs against finding that he presents such a risk. *See Kennedy*, 593 F. Supp. 2d at 1233 (citing lack of prior criminal history as probative of threat of potential danger). Moreover, "[w]hen enacting the Adam Walsh Act, Congress did not make any empirical finding that persons charged with the possession of child pornography are more likely to flee or continue to harm children, if released. There was no assessment nor statistical finding of a greater risk of future crimes by these defendants at this initial juncture of a prosecution." *United States v. Karper*, 847 F. Supp. 2d 350, 361 (N.D.N.Y. 2011). Replacing Defendant's home detention condition with curfew with electronic monitoring is not particularly drastic relief. In both cases cited, the courts actually found that the Adam Walsh Act's mandatory conditions were unconstitutional. *See, e.g.*, *Kennedy*, 593 F. Supp. 2d at 1230; *Karper*, 847 F. Supp. 2d at 362. Such a challenge is not before the Court at this time.

It is therefore ordered that the remainder of Defendant's motion for review of the magistrate judge's release order (ECF No. 14) is granted.

It is further ordered that Defendant's home detention condition is replaced with a curfew condition. Defendant is restricted to his residence every day based on a time schedule deemed appropriate by Pretrial Services or the supervising officer. Defendant also must submit to location monitoring technology in the discretion of Pretrial Services. Defendant must abide by all of the program requirements and instructions provided by

///

Pretrial Services or the supervising officer related to the proper operation of the technology.

DATED THIS 27th day of August 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE